RUSSELL v. PITTSBURGH LIFE & TRUST CO. et al.

(Supreme Court, Special Term, New York County. March, 1909.)

INSURANCE (§ 50*)—RECEIVERS—APPOINTMENT.
    Where the State Superintendent of Insurance has taken possession of
    the assets of an insurance company, no receiver will be appointed unless
    the conditions are changed.
        [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 50.*]

    Action by William Hepburn Russell against the Pittsburgh Life &
Trust Company and another. Supplemental memorandum on settle-
ment of order based on former opinion (62 Misc. Rep. 403, 115 N. Y.
Supp. 950). . Engrossed copy of order to conform with one prepared
by court ordered submitted.
    Order reversed 132 App. Div. 217, 116 N. Y. Supp. 841.

    Frank E. Carstarphen (Wm. Hepburn Russell, of counsel), for plain-
tiff.
    Henry A. Rubino, for defendant Pittsburgh Life & Trust Co.
    Parker, Hatch & Sheehan (Hon. E. W. Hatch, of counsel), for de-
fendant Washington Life Ins. Co.

    ERLANGER, J. Upon the settlement of the order based on the
former opinion filed by the court there were present, in addition to
the attorneys for the respective parties, the Attorney General and the
Superintendent of Insurance, both in person, who presented to the
court a condition of affairs brought about by them because of such
opinion (62 Misc. Rep. 403, 115 N. Y. Supp. 950) as to persuade
the court to file this supplemental memorandum. In the opinion so
filed the court stated that it "hesitated long before concluding to ap-
point receivers and to find a way to limit the relief to an injunction
to restrain the removal of the property pendente lite," but the neces-
sity of having receivers to take possession of the property was indi-
cated in order to maintain the status quo. The gravity of the situation,
as it existed when the motion was argued, was recognized by the for-
mer superintendent, Kelsey, as well as by the present superintendent,
Hotchkiss; the latter stating to the court that he agreed with it in the
main, "that is, as the facts were when presented." Immediately upon
entering office, he united with the Attorney General in an effort to
place the assets of the Washington company in a condition so as to
avoid the dangers indicated by me. Their joint effort resulted in the
defendants delivering into the custody and placing under the sole con-
trol of Superintendent Hotchkiss the vast assets embraced in the mer-
ger contract of December 29, 1908, so absolutely and effectively as to
clothe him with substantially all the powers of a common-law receiver
pending the final determination of the question of the validity of the
said contract. Under the insurance law, the superintendent could not
be appointed a receiver eo nomine. Were he eligible, this court would
have promptly named him. The same result, however, has been in ef-
fect accomplished by the arrangement referred to, whereby the views
expressed by me to conserve the estate and avoid a multiplicity of suits
have been carried out. The object sought to be achieved by the mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion which was granted was to assure protection to the policy holders pending the trial, and surely no person could be named who would inspire more confidence in the policy holders and more securely protect their interests than the Superintendent of Insurance of the state of New York, especially in view of his statement made in open court that he will not declare the so-called merger contract to be valid. The approval or disapproval of the agreement of February 23, 1909, is not before me. The court has simply before it a condition brought about by the state officers to meet the opinion heretofore filed by me (62 Misc. Rep. 403, 115 N. Y. Supp. 950), which convinces me that there is now a custodian who may be safely trusted with preserving the status quo. The plaintiff seems to feel, as does the court, that the policy holders are now secured against an unlawful removal or dissipation of the assets, but his counsel contended, when the present arrangement was effected, that he should be assured that this condition will continue until the final determination of this action. The policy holders should feel secure in the knowledge that the condition referred to when this motion was decided shall not re-occur, and therefore the defendants should, by appeal or otherwise, be obliged to have the important·question involved finally determined in this action without unnecessary delay; and, if there shall be a change in the conditions from those now present so that the danger to the rights of the policy holders heretofore existing shall reappear, the right is reserved to the policy holders to have the receiver appointed, as directed by me, and the order should so provide. The amendment to the prayer of the complaint asked for cannot be granted on the settlement of this order. The plaintiff, however, has his remedy by motion, if his time to amend as of course has expired. Nor can any new affidavits submitted on the settlement be considered.

Submit engrossed copy of order to conform with the one prepared by the court.